IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL SCOTT,

      Plaintiff,

v.                                CASE NO. 1:13-cv-104-MW-GRJ

UNITED STATES OF AMERICA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint against

the United States (Doc. 8) and seeks leave to proceed as a pauper. (Doc. 9.) For the

reasons discussed below, it is respectfully **RECOMMENDED** that the motion for leave

to proceed as a pauper be denied and this cause be dismissed pursuant to 28 U.S.C. §

1915(g).

## DISCUSSION

      Plaintiff's complaint appears to be an attempt to relitigate a claim that he has

made in several different federal courts across the country. (Doc. 8.) Previous

iterations of this case have been dismissed as frivolous filings and for failure to state a

claim. *Scott v. Rodriguez,* No. 2:08-cv-086, Doc. 5 (S.D. Tex. April 7, 2008).

      The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may

not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A

prisoner under imminent danger of serious physical injury can qualify for the 'imminent

danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v.*

*Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193

(11th Cir. 1999).

Plaintiff has previously run afoul of 28 U.S.C. § 1915(g)'s three strikes rule.

Plaintiff has filed well over three cases which were dismissed as frivolous, malicious or

for failure to state a claim upon which relief may be granted.  *See Scott v. Bush, et al.*,

No. 6:97-cv-005 (E.D. Tex. May 12, 1997) (first strike for frivolous filing); *Scott v.*

*Layton, et al.*, No 6:97-cv-332 (E.D. Tex. Mar. 5, 1998) (second strike for frivolous

filing); *Scott v. Hunter, et al.*, No. 1:99-cv-003 (N.D. Tex. Jan. 11, 2000) (third strike for

frivolous filing); *Scott v. Morgan et al.*, No 1:98-cv-151 (N.D. Tex. May 25, 2000)

(dismissed for three strikes pursuant to § 1915); *Scott v. Stamps, et* al., No. 2:99-cv-257

(dismissed for three strikes pursuant to § 1915); *Scott v. FNU*, No. 1:99-cv-216 (N.D.

Tex. Nov. 16, 2000) (dismissed for three strikes pursuant to § 1915); *Scott v. Groomer*

*et al.*, No. 2:02-cv-128 (N.D. Tex.) (dismissed for three strikes pursuant to § 1915)*;Scott*

*v. William P. Clements Unit*, No. 1:13-cv-2265, Doc. 3 (D. Md. Aug. 16, 2013)

(dismissed for failure to state a claim).

Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and there

is no evidence in the Complaint that Plaintiff is "imminent danger of serious physical

injury."  Mere delusional and fanciful language in the Complaint that Plaintiff is in fear of

his life will not suffice.  (Doc. 8)  Accordingly, Plaintiff's Complaint should be dismissed

pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because his allegations do not meet the threshold required for the imminent danger exception.

Additionally, the First Amended Complaint is due to be dismissed because it is frivolous and therefore does not state a cause of action. Pursuant to 28 U.S.C. § 1915A, the Court may dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A dismissal as frivolous is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). This is plainly such a case. Liberally construed Plaintiff complains about the "federal government ... hiding ex-federal agents and other persons between the surface of the ground" and the "federal government is trying to kill [the plaintiff] to keep him from telling anyone." The First Amended Complaint lacks any arguable basis in law or fact and therefore is due to be dismissed as frivolous.

## <u>RECOMMENDATION</u>

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. This case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and the case should be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

2.  Plaintiff's motion for leave to proceed as a pauper (Doc. 9) should be **DENIED.**

**IN CHAMBERS**, at Gainesville, Florida, this 5th day of September 2013.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.